# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTA ST. CLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 15-0538 |

# MEMORANDUM

YOHN, J.                                                                                                                                                                                     May 5, 2015

      This is an insurance dispute. Christa St. Clair has sued State Farm Fire and Casualty Company for allegedly acknowledging only a small portion of covered fire damage to her property and then refusing to participate in an appraisal process mandated by her policy. State Farm has moved to dismiss St. Clair's demand for attorney fees in Counts I and IV (breach of contract and petition to compel appraisal), as well as her demand for punitive damages in Count IV. It has also moved to dismiss Count II (breach of implied covenant of good faith and fair dealing) and Count III (bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371). For the following reasons, I will deny State Farm's request to dismiss Count III but otherwise grant its motion.

1

I.      **Factual and Procedural Background**[1]

St. Clair owns residential property in Bucks County, Pennsylvania, that is insured by a State Farm policy. Compl. ¶¶ 9–11.  This policy covers direct physical loss to the dwelling and her personal property caused by fire.  *Id.* ¶¶ 13–14.  It also includes an appraisal clause that applies if the parties disagree on the amount of a loss.  *Id.* ¶ 16.  To invoke the clause, either party must make a written demand for an appraisal, in which case each party first chooses a disinterested appraiser.  *Id.*  These appraisers then set the amount of the loss; if they disagree, they submit their differences to an impartial umpire for resolution.  *Id.*

On March 27, 2014, St. Clair's dwelling and personal property were severely damaged by a fire.  *Id.* ¶¶ 17–18.  St. Clair then submitted a timely claim to State Farm, which sent an adjuster to evaluate the loss.  *Id.* ¶¶ 21–23.  The adjuster, however, acknowledged only a small portion of the covered loss to St. Clair's property.  *Id.* ¶ 24.

St. Clair contested this assessment with State Farm.  *Id.* ¶ 29.  After State Farm still declined to pay the full amount required by the policy, St. Clair invoked the policy's appraisal clause.  *Id.* ¶ 31.  But State Farm has refused to participate in the appraisal process, wrongfully claiming that the parties must agree to the scope of damage before engaging in it.  *Id.* ¶¶ 32–33.

Based on these allegations, St. Clair brings four claims against State Farm.  She claims breach of contract (Count I); breach of implied covenant of good faith and fair dealing (Count II); and a violation of Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371 (Count III).  She also seeks an order compelling State Farm to submit this claim to appraisal as required by her policy (Count IV).  State Farm filed a motion to dismiss, and St. Clair then responded.

---

[1] This account accepts as true all well-pleaded factual allegations made in the complaint.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

**II.     Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.  In analyzing a motion to dismiss, the court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  That means that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)).  The court must "then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  This requirement of "facial plausibility" is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

**III.    Discussion**

    **A.     St. Clair's Demand for Attorney Fees in Count I (Breach of Contract) and Count IV (Petition to Compel Appraisal)**

State Farm argues that St. Clair cannot demand attorney fees in Counts I (breach of contract) and IV (petition to compel appraisal) standing alone.  I agree.  Although she can collect attorney fees for hours expended on Counts I and IV if she prevails on Count III (bad faith via 42 Pa. Cons. Stat. Ann. § 8371), she cannot collect attorney fees for Counts I and IV standing alone.

"The general rule in this Commonwealth is that there is no recovery of attorney's fees from an adverse party in the absence of an express statutory authorization, clear agreement between the parties, or the application of a clear exception." *Bayne v. Smith*, 965 A.2d 265, 267 (Pa. Super. Ct. 2009).  State Farm argues that there is no such statutory basis for Counts I and IV.

St. Clair responds that 42 Pa. Cons. Stat. Ann. § 8371, Pennsylvania's bad faith statute, expressly authorizes her to recover attorney fees for hours expended on Counts I and IV. Under this statute, "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may . . . [a]ssess . . . attorney fees against the insurer." § 8371(3). St. Clair contends that she has pleaded a plausible bad faith claim (Count III), so this provision expressly authorizes attorney fees for hours expended on Counts I and IV.

This argument skirts the issue. St. Clair is correct that she can collect attorney fees for hours expended on Counts I and IV if she prevails on Count III. *Polselli v. Nationwide Mut. Fire. Ins. Co.*, 126 F.3d 524, 532 (3d Cir. 1997). But this rule does not empower her to collect attorney fees for Counts I and IV standing alone. Indeed, if she prevails on these claims to enforce her policy but not on her bad faith claim, she cannot recover attorney fees for the hours expended on them. *See id.* ("An insured is not entitled to recover her fees merely because she prevails on her claim to enforce the policy; rather, the insured must also prevail on the bad faith claim."); *id.* at 530 ("[Section 8371] provide[s] an insured with *additional* remedies upon a finding of bad faith made in a predicate action under an insurance policy." (emphasis added)). I will thus dismiss St. Clair's demand for attorney fees in both Count I and Count IV.

### B.     Viability of Count II (Breach of Implied Covenant of Good Faith and Fair Dealing)

State Farm next argues for dismissal of Count II (breach of implied covenant of good faith and fair dealing). I agree. For two reasons, I must dismiss this claim.

First, St. Clair cannot bring separate claims for breach of contract (Count I) and breach of the implied duty of good faith and fair dealing (Count II). To be sure, a party to an insurance contract can bring a contract cause of action for breach of the implied duty of good faith and fair dealing. *See Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Trust Co.*, 560 A.2d 151,

4

153 (Pa. Super. Ct. 1989) (stating that duty of good faith "arises under the law of contracts, not under the law of torts" and that this duty has "been imposed upon the relationship between insurer and insured").  This duty, however, "does not allow for a cause of action separate and distinct from a breach of contract claim." *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013).  Here, St. Clair has pleaded her breach of implied duty of good faith claim (Count II) as a cause of action that is independent of her breach of contract claim (Count I).

Second, St. Clair supports this claim with the same allegations that she employs to support her section 8371 claim (Count III).  In examining the implied duty of good faith in Pennsylvania, the Third Circuit has held that "a party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are 'identical to' a claim for 'relief under an established cause of action.'" *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91–92 (3d Cir. 2000).  Here, St. Clair supports her implied duty of good faith claim (Count II) with allegations of bad faith that are identical to those with which she supports her section 8371 claim (Count III), which is an established cause of action.  *See* Compl. ¶¶ 49(a)–(n), 56(a)–(n). For these reasons, I will dismiss her breach of implied duty of good faith claim (Count II).

      **C.**     **Plausibility of Count III (Bad Faith Under 42 Pa. Cons. Stat. Ann. § 8371)**

For Count III, State Farm argues that St. Clair's allegations in her complaint do not state a plausible bad faith claim under 42 Pa. Cons. Stat. Ann. § 8371.[2]  I disagree.  St. Clair has pleaded sufficient facts to state a plausible claim that State Farm denied her benefits in bad faith.

---

[2] Section 8371 provides:
    In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
        (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
        (2) Award punitive damages against the insurer.
        (3) Assess court costs and attorney fees against the insurer.

"Pennsylvania courts have interpreted [the term bad faith in section 8371] as 'any frivolous or unfounded refusal to pay proceeds of a policy.'" *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. 1994)). To establish a section 8371 claim, then, a plaintiff must show that the insurer "(1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Id.*

First, St. Clair has adequately alleged that State Farm lacked a reasonable basis for denying her claim. She avers that she took out a policy from State Farm that covered fire damage to her property, her property suffered fire damage while the policy was in effect, and State Farm has refused to pay the full amount for this covered damage. Compl. ¶¶ 11–14, 17–30. At this stage, these allegations, without more from State Farm, are sufficient to show that State Farm had no reasonable basis for rejecting her claim.

Second, she has adequately alleged that State Farm knew or recklessly disregarded this lack of a reasonable basis in denying her claim. She asserts that State Farm told her that the losses were not covered even though she produced evidence that they were in fact covered. *Id.* ¶ 56(i). She further alleges that State Farm told her that her losses were caused by uncovered causes even though it produced no evidence to support this position. *Id.* ¶ 56(j). She also alleges that, after State Farm denied her attempts to collect the full amount it owed to her, it refused to engage in the appraisal process in which it is contractually obligated to participate, "wrongfully alleg[ing] that [they] must agree as to the scope of the damage before proceeding to appraisal." *Id.* ¶¶ 31–33. In addition, she avers that State Farm fraudulently created values and assigned them to the covered losses to increase its own profitability; accepted premiums without the intention to pay money owed for the covered losses; unilaterally denied the covered losses

6

without proper investigation; and falsely misrepresented its responsibilities under the policy. *Id.* ¶¶ 56(g), (h), (m), (n). St. Clair has thus sufficiently stated a plausible section 8371 bad faith claim.

### D. Availability of Compensatory and Consequential Damages in Count III (Bad Faith Under 42 Pa. Cons. Stat. Ann. § 8371)

State Farm next argues that St. Clair's demand for compensatory and consequential damages in her section 8371 claim must be dismissed. State Farm is correct: St. Clair may not recover these damages under section 8371. *Birth Ctr. v. St. Paul Cos, Inc.*, 787 A.2d 376, 386 (Pa. 2001); *see also* 42 Pa. Cons. Stat. Ann. § 8371 (allowing an insured who shows bad faith to recover only (1) interest on amount of claim; (2) punitive damages; and (3) court costs and attorney fees). I will thus dismiss St. Clair's demand for these damages in Count III.

### E. Punitive Damages in Count IV (Petition to Compel Appraisal)

Finally, State Farm argues that St. Clair's demand for punitive damages in Count IV must be dismissed. I agree. St. Clair styles Count IV a "Petition to Compel Appraisal." In *Ice City, Inc. v. Insurance Co. of North America*, the Supreme Court of Pennsylvania held that a plaintiff can and should bring this type of "[equitable action] for specific performance of an insurance appraisal agreement" to resolve an insurance dispute over the amount of a covered loss from fire. 314 A.2d 236, 240 (Pa. 1974).[3] Specific performance, however, is a remedy for breach of contract, and punitive damages are unavailable "for an action solely sounding in breach of contract." *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 370 (Pa. Super. Ct. 2003). For that reason, I will dismiss St. Clair's demand for punitive damages in Count IV.

An appropriate order follows.

---

[3] That is because the "settlement of disputes by . . . appraisal is the approved public policy of this Commonwealth." *Id.* at 241. Indeed, insurers are required by statute to include these appraisal clauses in all fire insurance policies that they issue in Pennsylvania. 40 Pa. Cons. Stat. Ann. § 636.